UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:19-cv-20457-KMW

ALPARGATAS USA, INC.,

    Plaintiff,

v.

ALLURE SHOWROOM, INC., *et al.*,

    Defendants.

_____/

**MOTION TO DISMISS COMPLAINT OR FOR MORE DEFINITE STATEMENT AND SUPPORTING MEMORANDUM OF LAW**

Defendants SK Empire Limited Liability Company ("SK") and Yaakov Dahan ("Mr. Dahan," and together with SK, "Defendants"), by and through their undersigned counsel, file this Motion to Dismiss Complaint or for More Definite Statement pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(e), and state the following in support.

**I.   INTRODUCTION AND BACKGROUND**

Plaintiff Alpargatas USA, Inc. ("Plaintiff") filed a twelve-count shotgun Complaint against Defendants under the Lanham Act, as well as on various state law[1] theories under supplemental and diversity jurisdiction. [DE 1, ¶¶ 10–11]. Plaintiff's claims derive from alleged infringement of the Havaianas® trademarks (the "Havaianas Marks"). [*Id.* at ¶¶ 53, 58–61]. Plaintiff, however, alleges that its parent company, Alpargatas, S.A. ("Alparagatas Brazil") "owns" the Havaianas Marks. [*Id.* at ¶ 19]. A review of the U.S. Patent and Trademark Office

---

[1] It is unclear from the Complaint under which state laws many of the counts derive.

("PTO") website[2] demonstrates that Alpargatas Brazil indeed owns the Havaianas Marks. *See* **Exhibit 1**. The AO 120 form that Plaintiff submitted to the PTO regarding this case lists Alpargatas Brazil as the owner and only lists one of Alpargatas Brazil's trademarks. [DE 3]. Further, Alpargatas Brazil has not recorded any assignments for the Havaianas Marks to Plaintiff[3] on the PTO website. *See* Ex 1.

Plaintiff must demonstrate that it is the "registrant" under 15 U.S.C. § 1127 or "owner" under Section 495.151, Florida Statutes, to bring a suit to enforce a trademark. Plaintiff, a licensee, cannot meet its burden and therefore lacks standing to bring infringement and dilution claims for Alpargatas Brazil's trademarks. This Court should dismiss Plaintiff's Counts III and IV with prejudice for lack of standing.

Plaintiff alleges that it is the "exclusive licensee in the United States to market, sell, and distribute Havaianas® flip-flops" and that its license includes the "use, promot[ion], and sublicens[ing]" of the Havaianas Marks. [*Id.* at ¶¶ 23–24]. Plaintiff asserts that it has the right to control the distribution and marketing of the Havaianas® products, [*see id.* at ¶¶ 23–24], but never asserts that it has the "right to exclude [its] licensor from using" the Havaianas Marks. *Cary Tobacco I, Inc.*, 2017 U.S. Dist. LEXIS 93103, at *5 (quoting *Fin. Inv. Co (Bermuda) v. Geberit AG*, 164 F.3d 526, 531–32 (7th Cir. 1998)). Plaintiff failed to demonstrate that its rights in the Havaianas Marks are tantamount to that of an assignee for purposes of other claims raised herein. Accordingly, this Court should also dismiss the remainder of the Complaint for lack of standing. Alternatively, this Court should dismiss the remainder of the Complaint for failure to

---

[2] "This Court may consider public records subject to judicial notice—such as the USPTO registrations […]—without converting a motion to dismiss into a motion for summary judgment." *Sream, Inc. v. Cary Tobacco I, Inc.*, No. 16-cv-23963-WILLIAMS, 2017 U.S. Dist. LEXIS 93103, at *8 (S.D. Fla. June 14, 2017). Defendants ask the Court to take judicial notice of the records in Exhibit 1 hereto.

[3] Some of the Havaianas Marks were assigned from Sao Paulo Alpargatas S.A. to Alpargatas Brazil, neither of which is the Plaintiff in this case. *See* Ex. 1.

state a claim or require Plaintiff to provide a more definite statement.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a defendant can make a factual or facial attack on standing. *See Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990) (per curiam). "Facial attacks on the complaint 'require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purpose of the motion.'" *Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256, 1261 (11th Cir. 1997) (alterations in original). "'Factual attacks,' on the other hand, challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'" *Id.*; *see also Cary Tobacco I, Inc.*, 2017 U.S. Dist. LEXIS 93103, at *3 (quoting *McElmurray v. Consolidated Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). The burden for establishing subject matter jurisdiction "rests with the party bringing the suit." *Cary Tobacco I, Inc.*, 2017 U.S. Dist. LEXIS 93103, at *3.

To prevail against a motion to dismiss under Rule 12(b)(6), a plaintiff must have alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## III. LEGAL ARGUMENT

### A. A Plaintiff Must Have Standing to Enforce Trademark Rights.

"Under Article III of the United States Constitution, the subject matter jurisdiction of federal courts extends only to 'cases or controversies.'" *Bowen v. First Family Fin. Servs., Inc.*, 233 F.3d 1331, 1339 (11th Cir. 2000). For a federal court to have jurisdiction over a case, the case must be justiciable, which is a term of art "employed to give expression to [the] limitation

placed upon federal courts by the case-and-controversy doctrine." *Levy v. Miami-Dade Cty.*, 358 F.3d 1303, 1305 (11th Cir. 2004) (per curiam) (alteration in original). "Generally, justiciability encompasses a range of doctrines such as standing, mootness, ripeness, political question, and the prohibition against advisory opinions." *Id.* (citations omitted). "Standing" has three requirements. "First, the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual and imminent,' not 'conjectural' or 'hypothetical.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citations & footnotes omitted).

For standing, courts "look to the state of affairs as of the filing of the complaint" because "a justiciable controversy must have existed at that time." *Atl. Gas Light Co. v. Aetna Cas. & Sur. Co.*, 68 F.3d 409, 414 (11th Cir. 1995). Put differently, standing is measured at the filing of the original pleading. *See Wheaton Coll. v. Sebelius*, 703 F.3d 551, 552 (D.C. Cir. 2012) (per curiam) ("[S]tanding is assessed at the time of the filing . . . ."); *NAACP v. City of Parma*, 263 F.3d 513, 524 (6th Cir. 2001) ("[S]tanding […] is to be determined as of the time the complaint is filed.").

To bring a claim under the Lanham Act, a plaintiff "must hold a valid trademark." *Florida VirtualSchool v. K12, Inc.*, 735 F.3d 1271, 1273 (11th Cir. 2013). "Trademarks, like other personal property, may be conveyed from the . . . registrant [] to others." *Cary Tobacco I, Inc.*, 2017 U.S. Dist. LEXIS 93103, at *4 (citation omitted). Under U.S.C. § 1127 the term "registrant" is defined to include "assign[s]." Thus, the assignee of a trademark "at the time a suit is filed has standing to bring a trademark infringement claim under the Lanham Act." *Cary Tobacco I*, *Inc.*, 2017 U.S. Dist. LEXIS 93103, at *5 (citation omitted).

A "majority of cases interpreting" Section 1127 have concluded that "only the registrant

4

of record" has standing to sue. *Heron Dev. Corp. v. Vacation Tours, Inc.*, No. 16-20683-CIV-MORENO, 2017 U.S. Dist. LEXIS 196869, at *26, n. 4 (S.D. Fla. Nov. 30, 2017) (quoting Author's Comment, 6 *McCarthy on Trademarks and Unfair Competition* § 32:3). In *Heron Dev. Corp.*, the court held that because Congress did not include "licensee" or "exclusive licensee" among the terms that define a "registrant" under 15 U.S.C. § 1127, standing is limited to only those classes specifically defined in Section 1127. *Id.* at *26. An exclusive licensee[4] is not one such class under the definition of "registrant" in Section 1127. In *McCarthy on Trademarks and Unfair Competition* the author comments:

> No amount of judicial interpretation or manipulation of words can turn an exclusive license into an assignment. A trademark assignment and a license are two quite different transactions with widely different impacts. An assignment transfers all rights in a mark: a license does not. I believe that the minority view cases which allow an exclusive licensee to sue because it is "almost like" or "tantamount to" an assignee are not following the statute. If an exclusive licensee wishes to sue in federal court, it can do so only under Lanham Act § 43(a),[5] unaided by the benefits of registration. Those benefits can only be invoked by the registrant.

*Id.* at *26–27. For the reasons stated below, Plaintiff has failed to demonstrate standing to bring suit related to the Havaianas Marks and those claims must be dismissed.

### B. Plaintiff Has Not Demonstrated Standing to Enforce the Havaianas Marks.

---

[4] Courts in this district have held that a "*truly* exclusive licensee," however, or "one who has the right even to exclude [its] licensor from using the mark" becomes an assignee for purposes of bringing suit and enforcing the trademark. *Cary Tobacco I, Inc.*, 2017 U.S. Dist. LEXIS 93103, at *5 (citation omitted) (emphasis supplied). With respect to a "truly" exclusive licensee, courts have held that standing to sue depends largely on the rights granted to the licensee under the licensing agreement. *See Grateful J'S, Inc.*, 2017 U.S. Dist. LEXIS 217621, at *9 (citation omitted). Under that analysis a plaintiff must show that its license amounts to an assignment to establish entitlement to sue. *See id.* "Whether a transfer is an assignment or a license does not depend upon the name by which it calls itself but upon the legal effect of its provisions." *Id.* (citation omitted). An assignment of a trademark under the Lanham Act requires: "(1) sale or transfer of all rights in the mark; and (2) assignment as well of the business's goodwill connect to the mark's use." *Id.* Accordingly, absent "transfer of all rights in the mark" an exclusive licensee cannot sue to enforce a trademark under federal or state law.

[5] As will be described in more detail below, even under Section 43(a) an exclusive licensee must still show that it has the right to enforce the marks. *Kroma Makeup EU, LLC v. Boldface Licensing + Branding, Inc.*, No. 17-14211, 2019 U.S. App. LEXIS 9458 (11th Cir. Apr. 1, 2019) (affirming that a licensee lacked standing under Section 43(a) of the Lanham Act because it was not granted the right to enforce the licensed trademarks).

5

Plaintiff has not alleged or otherwise demonstrated its right to enforce the Havaianas Marks. Plaintiff asserts control over the use, sale, marketing, promotion, sublicensing, and distribution of the Havaianas® products, [*see* DE 1, ¶¶ 22–24, 53], but never alleges that it has the right to enforce the Havaianas Marks. Defendants raise this factual attack[6] on Plaintiff's Complaint because (1) there are no valid assignments on record with the PTO for any of the Havaianas Marks listed in the Complaint, *see* Ex. 1, and (2) the form Plaintiff transmitted to the PTO in this case lists the trademark owner as Alpargatas Brazil.[7] [*See* DE 3].

Plaintiff cannot maintain its claims, as it has not shown an assignment of the right to enforce the Havaianas Marks. In *Kroma Makeup EU, LLC v. Boldface Licensing + Branding, Inc.*, No. 17-14211, 2019 U.S. App. LEXIS 9458 (11th Cir. Apr. 1, 2019), a recent panel of the Eleventh Circuit found that the failure to assign the right to enforce a trademark was fatal to the plaintiff. There, the court considered prudential standing in the Section 43(a) context, which does not require the plaintiff to be the "registrant."[8] Kroma argued that it had standing under Section 43(a) because it permits a cause of action for "any person" who believes he or she will be damaged. *See id.* at *8. Even under this broader standard, the appellate court affirmed, finding that the express right to enforce the trademark was fatal to the exclusive licensee's standing. The court adopted the general standard under Section 43(a) that "a licensee's right to sue to protect [a] mark largely depends on the rights granted to the licensee in the licensing agreement." *Id.* at *7 (internal quotation marks omitted). The court found that agreement precluded Kroma's enforcement powers, only providing it with exclusive "use." *Id.* at *11.

---

[6] On a factual attack "a court need not presume the truthfulness of a plaintiff's allegations." *Sream, Inc. v. Lamrini Food & Disc. Bev, Inc.*, No. 16-cv-81656-MIDDLEBROOKS, 2017 U.S. Dist. LEXIS 46810, at *8 (S.D. Fla. Mar. 28, 2017) (citation omitted).

[7] Plaintiff lists eight (8) trademarks in its complaint but only places at issue Reg. No. 4,829,714 with the PTO. [*See* DE 3].

[8] Count I is raised under Section 43(a) and Count III is raised under 15 U.S.C. § 1114.

Here, Plaintiff has not alleged the right to enforce the Havaianas Marks and thus lacks standing under a "registrant" analysis or the broader Section 43(a) analysis. Accordingly, Counts I, III, and XII should be dismissed.[9]

Further, even if there were an assignment of enforcement rights in force prior to the filing of the Complaint, then Count III must still be dismissed and *with prejudice*. Here, Plaintiff has asserted in the Complaint that Alpargatas Brazil[10] "owns" the Havaianas Marks. [DE 1 at ¶ 19; *see also* DE 3]. Even if an agreement existed that provided Plaintiff with some rights over the Havaianas Marks, Plaintiff's claims would still be insufficient to support standing — as Plaintiff would need to obtain an ownership interest in "all rights" in the marks to sue for infringement. *See Grateful J'S, Inc.*, 2017 U.S. Dist. LEXIS 217621, at *9. Accordingly, because Plaintiff is not the "registrant" under Section 1127, this Court should dismiss Count III *with prejudice*.

### C. Plaintiff Lacks Standing to Bring Suit Under the Florida Trademark Act.

Plaintiff separately lacks standing to raise Count IV under Section 495.151, Florida Statutes, because it is not the "owner" of the Havaianas Marks. Plaintiff raises a claim of statutory injury to a business reputation and dilution premised on the allegation that Plaintiff "has acquired, established, and maintains valuable rights in the Havaianas® Marks." [DE 1, ¶ 84]. Plaintiff does not allege that it is the owner of the marks. Rather, Plaintiff alleges that Alpargatas Brazil, its parent company, is the owner. [DE 1 at ¶ 19; *see also* DE 3]. Evidence from the PTO supports Alpargatas Brazil's ownership. *See* Ex. 1.

Section 495.151 only provides relief to the "owner of a mark." § 495.151(1), Fla. Stat. The Florida Trademark Act, like the Lanham Act, defines "registrant" to include assigns, *see* §

---

[9] Count XII is a declaratory action premised on the parties' rights and obligations "concerning the use of the Havaianas® Marks." [DE 1, ¶ 120]. Defendants contend Plaintiff is not the real party in interest for purpose of seeking this declaration.

[10] Alpargatas Brazil is not a party to this lawsuit.

495.011(9), Fla. Stat., but it does not define "owner." Courts in this district have held that an exclusive licensee is not an "owner" for purposes of dilution claims. *See Heron Dev. Corp.*, 2017 U.S. Dist. LEXIS 196869, at *31–32. In *Heron Dev. Corp.*, the court granted a motion to dismiss Lanham Act dilution claims on standing grounds because the plaintiff, an exclusive licensee, was not the "owner" of the marks. *See id.* The same would be true under the Florida Trademark Act which similarly limits standing to the trademark "owner."

For these reasons, this Court should dismiss Count IV *with prejudice*. Defendants also request that this Court find Defendants entitled to attorneys' fees and costs as the prevailing party under Section 495.141(1), Florida Statutes.

### D.  The Remaining Counts Must Also Be Dismissed.

In addition to the aforementioned counts, Plaintiff also alleges common law unfair competition (**Count II**), violations of the Florida Deceptive and Unfair Trade Practices Act (**Count V**, against SK), violations of "New Jersey's Unfair and Deceptive Trade Practices Act" (**Count VI**, against SK), another violation of "New Jersey's Unfair and Deceptive Trade Practices Act" (**Count VII**, against SK),[11] tortious interference (**Count VIII**), unjust enrichment (**Count IX**), conversion (**Count X**), and conspiracy (**Count XI**). All of these claims relate to Defendants' alleged use of the Havaianas Marks. [DE 1, ¶¶ 71, 92, 96, 98, 101, 108, 113, 116]. These counts should be dismissed because, as described above, Plaintiff lacks standing to enforce the Havaianas Marks.

Alternatively, for the reasons stated below, Counts II and VI through XI should be dismissed for failure to state a claim under Rule 12(b)(6) or this Court should require Plaintiff to provide a more definite statement under Rule 12(e).

---

[11] Defendants assume Plaintiff intended to assert a claim under New York law, not New Jersey law. [*See* DE 1, ¶ 98]. The Complaint here is ambiguous, at best.

1. *Count II Fails to Adequately Put Defendants on Notice.*

In Count II (common law unfair competition), Plaintiff alleges that the acts of all defendants in this case "constitute unfair competition under the common law of the State of Florida, New Jersey, and New York, among other states." [*Id.* at ¶ 72]. Defendants cannot possibly respond to this count. Plaintiff lumps various state law theories into one claim, while leaving open the possibility of later asserting other state law claims (without having to amend the Complaint). Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted); *see also Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294–95 (11th Cir. 2018) ("[s]hotgun pleadings violate Rule 8" by failing "to give defendants adequate notice of the claims against them and the grounds upon which each claim rests"). Courts in this Circuit have "little tolerance for shotgun pleadings." *Shabanets*, 878 F.3d at 1295. In Count II, Plaintiff has failed to give Defendants "fair notice" of the specific grounds upon which its claim rests. This Court should dismiss this count for failure to state a claim.

2. *Defendants Cannot Respond to Counts VIII through XI Because Plaintiff Does Not Assert Any State Law Basis for These Claims.*

Counts VIII through XI should also be dismissed. Again, Plaintiff does not allege the specific grounds for these claims. Plaintiff has alleged other common law and statutory claims under Florida, New York, New Jersey, and "other states" laws. [*See* DE 1, ¶ 72]. In Counts VIII

9

through XI, Plaintiff provides no indication of the specific nature of these claims. Take for instance the conversion claim (Count X). Defendants have no idea whether this is conversion under Florida law, New York law, New Jersey law, or some "other states[']" laws. The elements of conversion under those different laws are presumably different. Without adequate notice, Defendants cannot possibly respond to any of these counts. Further, Plaintiff fails to list which defendant these (and the other) counts are against. Some of the counts list SK and other defendants by name in the body, [*see id.* at ¶¶ 95, 98], while others simply refer to "Defendants." What is especially problematic in the latter case is that Plaintiff modifies "Defendants" in some of these counts, such as "All of the Defendants," in Count XI. [*Id.* at ¶ 116]. In other counts, Plaintiff simply writes "Defendants." This Circuit has held that "one type of shotgun pleading [is one that] fails to identify the defendant or defendants against whom each claim is brought." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1324 n. 17 (11th Cir. 2015) (finding that the complaint was sufficient only because each count listed the party against whom it was specifically directed). Plaintiff's failure in this instance violates Rule 8 of the Federal Rules of Civil Procedures. Thus, these counts must be dismissed.

### 3. Counts VI and VII Are Confusing and Vague and Must Be Dismissed.

Next, Plaintiff asserts two claims under "New Jersey's Deceptive and Unfair Trade Practices Act" against SK (Counts VI and VII). As noted in footnote 8 above, it appears that the latter count was intended to be a claim under New York law. Plaintiff bears the burden to properly raise its claims and it has failed to do so in Count VII. SK cannot provide a meaningful response to this count. It must be dismissed.

Further, Plaintiff must also state the specific grounds under which these claims arise. In Count VI, Plaintiff references both "New Jersey's Deceptive and Unfair Trade Practices Act"

10

and the "New Jersey Consumer Fraud Act." [DE 1, ¶ 96]. SK might presume that Plaintiff intends to raise this claim under New Jersey's Consumer Fraud Act, N.J. Stat. Ann. §§ 56:8-1, *et seq*. But the onus is not on SK to connect the dots in Plaintiff's Complaint. Plaintiff bears that burden and it has not carried it here. This count must be dismissed.

### E. In the Alternative, Plaintiff Must Provide a More Definite Statement.

Alternatively, Plaintiff must provide a more definite statement under Rule 12(e) so that Defendants can adequately determine which trademarks are at issue here. In the Complaint, Plaintiff lists the following registered marks with the PTO: Reg. Nos. 3,069,819, 4,487,038, 4,582,450, 4,654,956, 4,754,081, 4,829,712, 4,829,713, and 4,829,714. [DE 1, ¶ 19]. Plaintiff defines these marks as the "Havaianas® Marks" and states that "Alpargatas Brazil owns" these marks. [*Id.*]. Plaintiff then alleges, for instance, that SK "uses the Havaianas® Marks on its Facebook page and other promotional materials" and "utilizes the Havaianas® Marks in conjunction with the promotion of improperly embellished goods." [*Id.* at ¶¶ 35–36]. Plaintiff does not state whether some or all of the marks were allegedly infringed in this way. Courts in this district have held that "[m]erely listing a plurality of marks which a trademark holder has acquired prior rights through use in commerce is not enough to put a party on notice of trademark infringement, . . . ." *Valoro, LLC v. Valero Energy Corp.*, No. 14-21694-CIV-MORENO, 2014 U.S. Dist. LEXIS 110554, at *13 (S.D. Fla. Aug. 11, 2014). Plaintiff has failed to provide Defendants adequate notice, as it simply defines these marks collectively and asserts infringement allegations in varying portions of the Complaint without adequate context to understand which marks are at issue in each instance.

More confusingly, Defendants are then faced with the fact that Plaintiff only listed Reg. No. 4,829,714 in its AO 120 form to the PTO [DE 3], even though the form requires the

11

"numbers of the registration *or registrations* upon which the action, suit, or proceeding has been brought, . . ." 15 U.S.C. § 1116(c) (emphasis supplied). Without a more definite statement under Rule 12(e), Defendants cannot adequately prepare a defense to these claims.

## IV.  CONCLUSION

For the foregoing reasons, this Court should dismiss Counts III and IV *with prejudice* for lack of standing and enter an order finding Defendants entitled to attorneys' fees under Section 495.141(1), Florida Statutes, as the prevailing parties. The remainder of the Complaint should also be dismissed for lack of standing. Alternatively, this Court should dismiss Counts II and V through XI for failure to state a claim or require Plaintiff to provide a more definite statement as to the claims asserted and the trademarks at issue.

Dated:  April 8, 2019.

        Respectfully Submitted:

        **LALCHANDANI SIMON PL**
        25 Southeast Second Avenue, Suite 1020
        Miami, Florida 33131
        Tel: (305) 999-5291
        Fax: (305) 671-9282

        *Attorneys for Defendants SK Empire*
        *and Yaakov Dahan*

        By: /s/ Daniel J. Simon
            Daniel J. Simon, Esq.
            Florida Bar No.: 16244
            danny@lslawpl.com
            James M. Slater, Esq.
            Florida Bar No.: 111779
            james@lslawpl.com

**CERTIFICATE OF SERVICE**

     **I HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed and served via the CM/ECF filer on this 8th day of April, 2019 on all counsel of record, including to:

*Attorney for Plaintiff*

Justin B. Kaplan, Esq.
Kaplan Young & Moll Parron, PPLC
Brickell Work Plaza
600 Brickell Avenue, Suite 1715
Miami, FL 33131
jkaplan@kymplaw.com

*Attorney for Defendants Allure Showroom, Inc. and Alis Attias*

Robert A. Stok, Esq.
Joshua R. Kon, Esq.
Gabriel Mandler, Esq.
Stok Folk + Kon
18851 Northeast 29th Avenue
Suite 1005
Aventura, Florida 33180
rstok@stoklaw.com
jkon@stoklaw.com
gmandler@stoklaw.com

                                          By: /s/ Daniel J. Simon
                                               Daniel J. Simon