**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 19-cv-20457**

ALPARGATAS USA, INC.,
a Delaware corporation,

        Plaintiff,

v.

ALLURE SHOWROOM, INC., a
Florida corporation, ALIS ATIAS,
an individual, SK EMPIRE LIMITED
LIABILITY COMPANY, a New Jersey
limited liability company, YAAKOV "Kobi"
DAHAN, an individual, REDZING, INC.,
a New York corporation, and FRED
SOLOMON, an individual, BROWN
MOSES, LLC, a Delaware limited liability
company, MOSHE "Moses"  BAHARON, an
individual, VIBE OF MIAMI, LLC, a Florida
limited liability company, ENVY HOLDING,
INC., a Florida corporation, SMILE MART, LLC,
a Florida limited liability company, B&K
TRADING INTERNATIONAL, LLC,
LEAH JACOBSON, an individual d/b/a En Vogue
Fashion, BENJAMIN PERELMUTER, an individual
d/b/a En Vogue Fashion, and HEART OF THE CITY,
an unincorporated association,

        Defendants.
_____/

## <u>AMENDED COMPLAINT</u>

Plaintiff, Alpargatas USA, Inc. ("**Alpargatas**" or "**Plaintiff**"), sues Defendants, Allure

Showroom, Inc. ("**Allure**"), Alis Atias ("**Atias**"), SK Empire Limited Liability Company ("**SK**

**Empire**"), Yaakov Dahan ("**Dahan**"), Redzing, Inc. ("**Redzing**"), Fred Solomon ("**Solomon**"),

Brown Moses, LLC ("**Brown Moses**"), Moshe "Moses" Baharon ("**Baharon**"), Vibe of Miami,

LLC ("**Vibe**"), Envy Holding, Inc. ("**Envy Holding**"), Smile Mart, LLC ("**Smile Mart**"), B&K

Trading International, LLC ("**B&K**"), Leah Jacobson ("**Jacobson**"), Benjamin Perelmuter ("**Perelmuter**"), and Heart of the City ("**H.O.C.**")(collectively, the "**Defendants**"), and alleges:

## NATURE OF THE ACTION

1.      This is an action for damages and injunctive relief arising from the Defendants' creation of an illegal gray market for the well-known Havaianas® brand flip flops and their improper use of registered trademarks in furtherance of the scheme.

2.      Alpargatas seeks damages and injunctive relief arising from the Defendants' violation of both state and federal statutory trademark, unfair competition, and deceptive trade practices laws; as well as common law legal and equitable claims and declaratory relief.

## PARTIES, JURISDICTION, AND VENUE

3.      Plaintiff, Alpargatas, is a corporation incorporated and existing under the laws of the State of Delaware with its principal place of business located in California.

4.      Defendant, Allure, is a corporation incorporated under the laws of the State of Florida with its principal place of business located in Miami-Dade County, Florida.

5.      Defendant, Atias, is a citizen of the State of Florida, is over the age of eighteen, and is otherwise *sui juris*. Atias is Allure's sole officer, and at all times material controlled Allure and directed its actions.

6.      Defendant, SK Empire, is a limited liability company organized and existing under the laws of the state of New Jersey with its principal place of business located in the State of Florida. All of its members are citizens of the State of New Jersey.

7.      Defendant, Dahan, is a citizen of the State of New Jersey, is over the age of eighteen, and is otherwise *sui juris*. At all times material, Dahan controlled SK Empire and directed its actions.

8.      Defendant, Redzing, is a corporation incorporated under the laws of the State of New York with its principal place of business located therein.

9.      Defendant, Solomon, is a citizen of the State of New York, is over the age of eighteen, and is otherwise *sui juris*.  Solomon is Redzing's sole principal, and at all times material controlled Redzing and directed its actions.

10.     Defendant, Brown Moses, is a limited liability organized and existing under the laws of the State of Delaware.

11.     Defendant, Baharon, is a citizen of Israel or Brazil, is over the age of eighteen, and is otherwise *sui juris*.  Baharon is Brown Moses's sole principal, and at all times material controlled Brown Moses and directed its actions.

12.     Defendant, Vibe, is a limited liability company organized and existing under the laws of the state of Florida with its principal place of business located in the State of Florida.

13.     Defendant, Envy Holding, is a corporation incorporated under the laws of the State of Florida with its principal place of business located therein.

14.     Defendant, Smile Mart, is a limited liability company organized and existing under the laws of the state of Florida with its principal place of business located in the State of Florida.

15.     Defendant, B&K, is a limited liability company organized and existing under the laws of the state of Florida with its principal place of business located in the State of Florida.  It does business as "fresko shoes."

16.     Defendants, Jacobson and Perelemuter (collectively "**En Vogue Principals**"), are a citizens of the State of Florida, are both over the age of eighteen, and are otherwise *sui juris*. They are the registered owners of the Fictitious Name registered with the Florida Secretary of State "En Vogue Fashion."

www.kymplaw.com • Kaplan Young & Moll Parrón • 600 Brickell Ave. • Suite 1715, Miami, FL 33131 • 305.531.2424

17.     Defendant, Heart of the City, is an unincorporated association with its principal place of business located in Broward County, Florida.

18.     This Court has jurisdiction over this matter because Alpargatas allege claims against the Defendants that arise under the laws of the United States.  This Court has supplemental jurisdiction over Alpargatas' state law claims because those claims are joined with related claims that form the same case or controversy.

19.     This Court has personal jurisdiction over all of the Defendants because (a) they reside in the State of Florida; (b) they engage in substantial and not isolated activity within the State of Florida; (c) operate, conduct, engage in, or carry on a business in the State of Florida; or (d) committed a tortious act in the State of Florida that form the basis for the claims asserted herein.

20.     Venue is appropriate in this forum because a substantial part of the events or omissions giving rise to the claims alleged herein occurred or because one or more of the Defendants is subject to this Court's personal jurisdiction with respect to the action.

21.     All conditions precedent to brining this action have occurred, been performed, or have otherwise been fulfilled; or their performance has been excused or waived.

22.     Plaintiff has retained the services of undersigned counsel for the purpose of bringing and maintaining this action, and has obligated itself to pay a reasonable fee for the costs and legal services associated with same.

## **GENERAL ALLEGATIONS**

23.     Havaianas® is an iconic brand of rubber flip-flops that has become synonymous with the beach culture for which Brazil is known worldwide.

24.     The brand is the most popular flip-flop sold in the world, with more than 200,000,000 pairs sold globally each year.

www.kymplaw.com • Kaplan Young & Moll Parrón • 600 Brickell Ave. • Suite 1715, Miami, FL 33131 • 305.531.2424

A.  **The Havaianas® Marks**.

25.     For nearly sixty years, Alpargatas' parent company, Alpargatas, S.A. ("**Alpargatas Brazil**"), has sold the distinctive and unique footwear with the famous "Havaianas" name.

26.     Alpargatas Brazil owns federal trademark registrations for the "Havaianas" word mark, U.S. Trademark Registration Nos. 3,069,819, 4,487,038, 4,582,450, 4,654,956, 4,754,081, 4,829,712, and 4,829,713,  as well as the federal trademark registration for the distinctive and well-known "chevron" design of the Havaianas® flip-flop, U.S. Trademark Registration No. 4,829,714 (collectively, the "**Havaianas® Marks**").  These mark has been continually used in commerce since prior to 2014.

27.     These Havaianas® marks have long held "incontestable" status, and serve as conclusive evidence that purchasers rely on the registered Havaianas® word and design marks as a way to identify the source of the footwear product.

B.      **Alpargatas' Products**.

28.     Alpargatas Brazil is engaged in the manufacture, licensing, sale, and worldwide distribution of distinctive apparel, including the distinctive Havaianas® flip-flops.

29.     Alpargatas Brazil distributes Havaianas® products in the United States, Puerto Rico, and Guam (collectively, the "**United States**") exclusively through its U.S. subsidiary, Plaintiff, in order to control the distribution and marketing in the United States, as well as to maintain quality control.

30.     Alpargatas is accordingly the exclusive licensee in the United States to market, sell, and distribute Havaianas® flip-flops.

31.     As such, it has the exclusive license and right within the United States to import Havaianas® flip flops, as well as to use, promote, and sublicense the Havaianas® Marks.

5

Alpargatas has the right to exclude Alpargatas Brazil from using Havaianas® Marks.   As such, its rights in the Havaianas® Marks are tantamount to that of an assignee.

32.     Alpargatas also has the right to enforce the Havaianas® Marks and to carry out all actions necessary to protect Havaianas® Marks.

33.     Alpargatas' ability to properly control the marketing, sales, and distribution of the Havaianas® line of products in the United States is critical to the success of its business.

34.     Alpargatas has continuously used the Havaianas® Marks prominently in connection with all aspects of the marketing, promotion, distribution, and sale of Havaianas® flip-flops, including without limitation product packaging, marketing brochures, website and print advertising, and other promotional materials distributed in connection with Havaianas® branded products in interstate commerce throughout the United States.

35.     Alpargatas has invested and utilized substantial monies and resources with advertising and promoting Havaianas® flip-flops in the United States using the Havaianas® Marks.

36.     Through its substantial advertising and promotional efforts, as well as its sales relationships with its authorized retailers, Alpargatas has developed a highly valuable reputation and substantial goodwill associated with the Havaianas® line of products in the United States.

37.     Likewise, Alpargatas' ability to ensure the quality of the products it sells in the United States has developed substantial customer loyalty and customer goodwill that is critical to the success of Alpargatas' business.

### C.  SK Empire Imports Nonconforming for Profit at Alpargatas' Expense.

38.     Though not true, SK Empire holds itself out to the public to be an authorized distributor and sales representative of Havaianas® flip-flops in the United States.

www.kymplaw.com • Kaplan Young & Moll Parrón • 600 Brickell Ave. • Suite 1715, Miami, FL 33131 • 305.531.2424

39.     To retailers and consumers, the Havaianas® flip-flops that SK Empire sells and distributes (the "**Infringing Products**") appear to be authentic Havaianas® products.

40.     They are materially different, however, from those authorized to be sold and that are sold and distributed in the United States exclusively by Alpargatas.

41.     SK Empire purchases Havaianas® flip-flops from Brown Moses and Baharon that Alpargatas Brazil only intended be sold outside the United States.

42.     SK Empire then re-sells them in the United States with different packaging than that approved and used for sales in the United States, for prices that are substantially below what Alpargatas is authorized to sell Havaianas® flip-flops for, and without Alpargatas Brazil's standard warranty or warranties Alpargatas itself provides.  In addition, the Infringing Products are not compliant with the testing and certification requirements with regards to the California Safe Drinking Water and Toxic Enforcement Act whereas Alpargatas' products are.

43.     Neither Brown Moses nor Baharon are authorized to market, promote, distribute, or sell the Infringing Product or otherwise use the Havaianas® Marks in furtherance thereof, specifically including in the United States.

44.     Alpargatas is not authorized to sell many of the specific models of improperly imported Havaianas® flip-flops that Brown Moses and SK Empire sell and distribute in the United States because they are materially different than those Alpargatas is permitted to and does sell and distribute.

45.     SK Empire also re-sells otherwise authentic Havaianas® flip-flops with unauthorized modifications that resemble other, authorized embellishments found on Havaianas® flip-flops sold and distributed in the United States, but upon closer inspection are materially different and do not meet the Alpargatas' quality control standards.

www.kymplaw.com • Kaplan Young & Moll Parrón • 600 Brickell Ave. • Suite 1715, Miami, FL 33131 • 305.531.2424

46.     In furtherance of the foregoing and without authorization, SK Empire uses all of Havaianas® Marks[1] on its Facebook page and other promotional materials, including but not limited to, its website and Facebook page.

47.     It also utilizes all of Havaianas® Marks[2] in conjunction with the promotion of improperly embellished goods in order to make them appear authentic.

48.     SK Empire and Dahan obtain the Infringing Products from Baharon and his company, Brown Moses.

49.     On information and belief, SK Empire and Dahan also obtain proprietary marketing and promotional materials bearing the Havaianas® Marks from Baharon and Brown Moses.

**D.  <u>The Defendants Deceive the Market.</u>**

50.     SK Empire, at Dahan's direction, as well as Dahan himself, use direct aggressive sales techniques that are specifically intended to confuse Alpargatas' authorized Havaianas® retailers and consumers.

51.     Sometimes, SK Empire and Dahan market and sell Infringing Products using the name of an unincorporated entity, Playa Distribution, in order to deceive retailers and customers into believing that it is a true distribution company authorized to sell and distribute Havaianas® products.

52.     SK Empire is not a solitary actor, however.

53.     In some instances, it employs independent sales agents, including without limitation Redzing, to sell and distribute the Infringing Products.

54.     To that end, Solomon, either on his own account or as an agent for Redzing, holds himself out to the public to be an authorized sales representative of Havaianas® products.

---

[1] The registered marks that Defendants are infringing upon are referenced in paragraph 26.
[2] The registered marks that Defendants are infringing upon are referenced in paragraph 26.

www.kymplaw.com • Kaplan Young & Moll Parrón • 600 Brickell Ave. • Suite 1715, Miami, FL 33131 • 305.531.2424

55. Solomon and Redzing sell Infringing Products received from SK Empire, however.

56. In other instances, it partners with other unauthorized resellers, such as Allure, to improperly hold itself out as an authorized sales representative of Havaianas® products to both the retailers and the public all the while selling and distributing Infringing Products and relying on the Havaianas® Marks to do so.

57. Allure distributes and sells Infringing Products in conjunction with SK Empire through Allure's showroom in Miami-Dade County, Florida, to authorized and unauthorized retailers—all the while benefiting from Alpargatas' advertising and promotional materials, as well as utilizing the Havaianas® Marks.

58. Whether SK Empire or Dahan directly, or through Allure and Atias, Redzing and Solomon, and others, they all employ the same improper sales techniques to Alpargatas' detriment.

59. They specifically target Alpargatas' authorized retailers to sell the Infringing Products at a much lower wholesale price than Alpargatas can or is authorized to in the United States, while holding themselves out as either being an authorized wholesale distributor or working on behalf of an authorized wholesale distributor.

60. Solomon and Atias have gone so far as to tell Alpargatas' authorized retailers that they are new sales representatives of Alpargatas.

61. They also market, distribute, and sell the Infringing Products using the Havaianas® Marks to unauthorized distributors under the guise of being an authorized wholesale distributor or working on behalf of an authorized wholesale distributor, including without limitation Defendants, Vibe, Envy Holding, Smile Mart, the En Vogue Principals, and H.O.C.

62. In addition, SK Empire also sells the Infringing Products through Amazon and other e-retailers without authorization; and on information and belief, improperly held and continues to

hold itself out to such e-retailers as an authorized distributor of Havaianas® products in the United States.

63. SK Empire also has owned and operated kiosks in malls in New York, New Jersey, and Massachusetts, if not other states, that operated under the Havaianas® name and sell only Infringing Products.

64. In so doing, SK Empire and Dahan improperly represented to its landlords that it has the right to use the Havaianas® Marks and sell Infringing Products, holding themselves out as an authorized distributor and further represented to the landlords that SK Empire had the right to use the Havaianas® Marks.

65. The Infringing Products that the Defendants sell and distribute differ materially from the Havaianas® products that Alpargatas has an exclusive license to distribute in the United States, and as a result, infringe on Alpargatas' valuable intellectual property rights in and to the Havaianas® Marks.

66. Alpargatas has sent a myriad of written demands to the Defendants demanding that they cease misleading the public and from using the Havaianas® Marks, as well as to cease selling the Infringing Products.

67. Each has rejected Alpargatas' demand, and continues the unauthorized sale, distributing, and marketing of the Infringing Products despite having been made aware of their improper, unlicensed, and unauthorized use of the Havaianas® Marks and distribution or sale of the Infringing Products.

68. Atias even misrepresented to counsel for Alpargatas that she and Allure had ceased their improper conduct.

69.     None of the Defendants have any valid or legitimate sub-license or right to use the Havaianas® Marks or to market, sell, or distribute the Infringing Products.

70.     Their repeated use of the Havaianas® Marks is improper, unlicensed, unauthorized, and misleading, as well as falsely suggests an association and affiliation with Alpargatas.

71.     The Defendants' unauthorized actions have caused, and are likely to further cause, confusion, mistake, and deception of consumers, customers, and potential customers of Havaianas® products.

72.     Specifically, it is likely to lead them to mistakenly conclude that the purchase or sale of the Infringing Products originates from, or is authorized or approved by Alpargatas.

73.     The Defendants' unauthorized actions have caused, and are likely to further cause, damage to Alpargatas' reputation and goodwill.

74.     This has caused, and is likely to further cause, Alpargatas to spend money, time, and other resources to investigate and mitigate the effects of those damages.

### E.  Post-Injunction Infringement.

75.     On February 4, 2019, the Court entered an *ex parte* Order Granting Temporary Restraining Order and Setting Preliminary Injunction Hearing (the "**TRO**").

76.     The TRO temporarily enjoined, among others, SK Empire and Dahan, as well as their agents, servants, affiliates, officers, directors, attorneys, and all those in active concert of participation with any of them who receive actual notice of same, directly or indirectly, whether alone or in concert with others, from, among other things: (a) Infringing any trademark that is owned or exclusively controlled by Alpargatas, including without limitation the Havaianas® Marks (as defined in the Complaint filed in the Action); (b) Marketing, distributing, selling or offering for sale, importing, transporting, modifying, or altering any and all goods bearing the

www.kymplaw.com • Kaplan Young & Moll Parrón • 600 Brickell Ave. • Suite 1715, Miami, FL 33131 • 305.531.2424

Havaianas® Marks (as defined in the Complaint filed in the Action) presently in their custody or control or that otherwise come into their custody or control; and (c) Enabling, facilitating, permitting, assisting, soliciting, encouraging, or inducing others to directly or indirectly infringe, import, distribute, sell, or offer for sale any goods bearing one of more of the Havaianas® Marks except as properly authorized.  It further temporarily prohibited the Enjoined Parties from selling, distributing, transferring, or otherwise disposing of all products bearing the Havaianas® Marks that are within Defendants' possession, custody, or control or held in inventory on behalf of any Defendant.

77.     On March 3, 2019, the Court converted the TRO to an Agreed Preliminary Injunction as to Defendants SK Empire and Yaakov Dahan ("**Preliminary Injunction**").

78.     Vibe, Envy Holding, Smile Mart, the En Vogue Principals, and H.O.C. are among the many retailers that market, distribute, promote, and sell Infringing Products that SK Empire and Dahan distribute; and they otherwise use the Havaianas® Marks without authorization.  While doing so, they benefit from Alpargatas' advertising and promotional materials, as well as utilizing the Havaianas® Marks.

79.     Alpargatas, through counsel, provided actual notice of the TRO or Preliminary Injunction to numerous retailers throughout the United States known to have been marketing, distributing, promoting or selling Infringing Products received from SK Empire or Dahan or otherwise using the Havaianas® Marks in connection therewith absent authorization, including Vibe, Envy Holding, Smile Mart, and the En Vogue Principals.

80.     Vibe, Envy Holding, Smile Mart, the En Vogue Principals, however, failed to comply and remain in violation thereof, and continue the unauthorized sale, distributing, and marketing of the Infringing Products despite having been made aware of their improper,

www.kymplaw.com • Kaplan Young & Moll Parrón • 600 Brickell Ave. • Suite 1715, Miami, FL 33131 • 305.531.2424

unlicensed, and unauthorized use of the Havaianas® Marks and distribution or sale of the Infringing Products and the Court's injunction.

81.     In addition, after the entry of the Preliminary Injunction, B&K began to market for wholesale the very Infringing Products that the Court enjoined SK Empire and Dahan from distributing.  Notably, B&K's and SK Empire's businesses are located less than 2.5 miles from each other.

82.     On information and belief, B&K sold or was attempting to sell the Infringing Product and otherwise use the Havaianas® Marks in furtherance thereof for SK Empire or Dahan in order for SK Empire or Dahan to violate the Preliminary Injunction.

83.     Consistent with SK Empire and Dahan's prior acts, B&K specifically targeted Alpargatas' authorized retailers to sell the Infringing Products at a much lower wholesale price than Alpargatas can or is authorized to in the United States, while holding itself out as either being an authorized wholesale distributor or working on behalf of an authorized wholesale distributor.

84.     In doing so, B&K benefited from Alpargatas' advertising and promotional materials, as well as utilizing the Havaianas® Marks.

### COUNT I
### Federal Unfair Competition
### (Against all Defendants)

Plaintiff realleges and incorporates the allegations set forth in Paragraphs 1 through 84 as if alleged fully herein.

85.     This is an action for unfair competition and false designation of origin and false and misleading misrepresentation under the Lanham Act.

86.     Defendants' use of the Havaianas® Marks constitute unfair competition and a false designation or origin or misleading description or representation of fact, which is likely to deceive

www.kymplaw.com • Kaplan Young & Moll Parrón • 600 Brickell Ave. • Suite 1715, Miami, FL 33131 • 305.531.2424

customers and prospective customers into believing that the Infringing Products are those of Alpargatas in violation of Section 43(a) of the Lanham Act.

87.     Defendants' actions cause or are likely to cause confusion or mistake among the public as to the true origin and sponsorship of the Infringing Products, and to confuse the public into believing that the Infringing Products using the Havaianas® Marks are approved by Alpargatas or are otherwise affiliated, connected, associated with, or sponsored by Alpargatas in violation of the Lanham Act.

88.     Actual confusion has already occurred among customers.

89.     Defendants have derived unlawful gains and profits from their unauthorized use of the Havaianas® Marks.

90.     Alpargatas has suffered loss, injury, and damage as a result.

91.     Alpargatas will suffer irreparable harm should Defendants' acts of unfair competition and false representation and designation be permitted to continue to the detriment of its goodwill for which damages are not adequate compensation at law.

92.     Unless enjoined by this Court from continuing to engage in the acts complained of herein, the Defendants will continue to engage in acts that are violative of the Lanham Act.

**COUNT II**
**Federal Trademark Infringement**
**(Against all Defendants)**

Plaintiff realleges and incorporates the allegations set forth in Paragraphs 1 through 84 as if alleged fully herein.

93.     Alpargatas has standing to maintain an action for trademark infringement pursuant to 15 U.S.C. § 1114.

www.kymplaw.com • Kaplan Young & Moll Parrón • 600 Brickell Ave. • Suite 1715, Miami, FL 33131 • 305.531.2424

94. The Defendants each used the Havaianas® Marks without authorization in commerce in connection with the sale or marketing of the Infringing Products without Alpargatas' consent.

95. The Defendants each had actual or constructive knowledge of Alpargatas' ownership and rights in and to the Havaianas® Marks prior to their infringing use thereof.

96. The Defendants used and continue to use the Havaianas® Marks in commerce with actual knowledge of Alpargatas' rights and with actual knowledge that such use did and continues to infringe on Alpargatas' rights—all with the intent of causing confusion, mistake, or deception in the market.

97. The Defendants' use of the Havaianas® Marks has caused, and is likely to cause, confusion, mistake, or deception, as to the affiliation, connection, source, sponsorship, or association of the Infringing Products' association with Alpargatas and the products it markets, distributes, and sells.

98. Allure and Redzing knowingly and materially assist or contribute to the distribution, offer for sale, or sale of the Infringing Products in the United States.

99. They are contributorily liable for SK Empire's infringing acts or are directly infringing Alpargatas' trademarks.

100. The Defendants' infringement of the Havaianas® Marks is willful, intended to reap the benefit of Alpargatas' goodwill, and violates section 32(1) of the Lanham Act.

101. As a direct and proximate result of the foregoing, Alpargatas has suffered, and will continue to suffer unless enjoined, irreparable damage and inherently unquantifiable injury to its business, reputation, and goodwill for which no adequate remedy at law exists.

**COUNT III**
**Common Law Unfair Competition Under Florida Law**
**(Against all Defendants)**

Plaintiff realleges and incorporates the allegations set forth in Paragraphs 1 through 84 as if alleged fully herein.

102.    Defendants have engaged in competitive and deceptive conduct by using and continuing to use the Havaianas® Marks and selling Infringing Products with the calculated purpose of passing off their goods as those of Alpargatas, those authorized by Alpargatas, or trading upon Alpargatas' significant goodwill and reputation, in order to deceive and mislead the public as to the true nature, characteristics, and origin or the Infringing Products—all to their profit and Alpargatas' disadvantage.

103.    Defendants' acts constitute unfair competition under the common law of the State of Florida.

104.    Their acts have caused, and unless restrained by this Court, will continue to cause, immediate and irreparable injury to Alpargatas' goodwill and reputation for which it has no adequate remedy at law.

**COUNT IV**
**Common Law Unfair Competition Under New Jersey Law**
**(Against SK Empire and Dahan)**

Plaintiff realleges and incorporates the allegations set forth in Paragraphs 1 through 84 as if alleged fully herein.

105.    SK Empire and Dahan have engaged in competitive and deceptive conduct in New Jersey by using and continuing to use the Havaianas® Marks and selling Infringing Products with the calculated purpose of passing off their goods as those of Alpargatas, those authorized by Alpargatas, or trading upon Alpargatas' significant goodwill and reputation, in order to deceive

16

and mislead the public as to the true nature, characteristics, and origin or the Infringing Products—all to their profit and Alpargatas' disadvantage.

106.     Their acts constitute unfair competition under the common law of the State of New Jersey.

107.     Their acts have caused, and unless restrained by this Court, will continue to cause, immediate and irreparable injury to Alpargatas' goodwill and reputation for which it has no adequate remedy at law.

## COUNT V
### Common Law Unfair Competition Under New York Law
#### (Against SK Empire, Dahan, Redzing, and Solomon)

Plaintiff realleges and incorporates the allegations set forth in Paragraphs 1 through 84 as if alleged fully herein.

108.     SK Empire, Dahan, Redzing, and Solomon have in bad faith engaged in competitive and deceptive conduct in or from the State of New York by using and continuing to use the Havaianas® Marks and selling Infringing Products with the calculated purpose of passing off their goods as those of Alpargatas, those authorized by Alpargatas, or trading upon Alpargatas' significant goodwill and reputation, in order to deceive and mislead the public as to the true nature, characteristics, and origin or the Infringing Products—all to their profit and Alpargatas' disadvantage.

109.     Their acts constitute unfair competition under the common law of the State of New York.

110.     Their acts have caused, and unless restrained by this Court, will continue to cause, immediate and irreparable injury to Alpargatas' goodwill and reputation for which it has no adequate remedy at law.

17

## COUNT VI
### Statutory Injury to Business Reputation and Dilution
### (Against all Defendants)

Plaintiff realleges and incorporates the allegations set forth in Paragraphs 1 through 84 as if alleged fully herein.

111.    This is an action for statutory injury to business reputation and dilution pursuant to section 495.151, Florida Statutes.

112.    Alpargatas, by virtue of its prior adoption and use in interstate commerce of the Havaianas® Marks in connection with the footwear business in this District, as well as throughout the State of Florida and the rest of the United States, has acquired, established, and maintains valuable rights in the Havaianas® Marks.

113.    The Havaianas® Marks are distinctive and famous.

114.    Defendants' subsequent and continued infringing use of the Havaianas® Mark and improper sale and distribution of the Infringing Products constitutes an unauthorized or unlicensed use of the Havaianas® Marks, falsely designates the origin of the Infringing Products, has caused confusion, mistake, and deception in the market and is likely to cause further confusion, mistake, or deception, and therefor is likely to injure the business reputation of Alpargatas in violation of Fla. Stat. § 495.151.

115.    Defendants' subsequent and continued infringing use of the Havaianas® Mark and improper sale and distribution of the Infringing Products constitutes an unauthorized or unlicensed use of the Havaianas® Marks, is causing a likelihood of injury to Alpargatas' business reputation or dilution to the distinctive quality of the Havaianas® Marks.

116.    Unless permanently enjoined by this Court, the Defendants' continued advertising, offering for sale, selling, marketing, and promoting of the Infringing Products in connection with

www.kymplaw.com • Kaplan Young & Moll Parrón • 600 Brickell Ave. • Suite 1715, Miami, FL 33131 • 305.531.2424

the Havaianas® Marks and their unauthorized and unlicensed sale and distribution of the
Infringing Products will continue to result in the likelihood of further dilution, confusion, mistake,
and deception by the public concerning the source or origin of the goods and offered for sale and
sold by the Defendants and produce the attendant irreparable injury and damage to Alpargatas and
its goodwill and business reputation, for which Alpargatas has no adequate remedy at law.

**COUNT VII**
**Violations of Florida's Unfair and Deceptive Trade Practices Act**
**(Against SK Empire, Allure, Vibe, Envy Holding, Smile Mart, H.O.C., the En Vogue**
**Principals and B&K)**

Plaintiff realleges and incorporates the allegations set forth in Paragraphs 1 through 84 as
if alleged fully herein.

117.    SK Empire Allure, Vibe, Smile Mart, the En Vogue Principals, H.O.C., and B&K
are engaged in trade or commerce in the State of Florida as defined by Florida's Deceptive and
Unfair Trade Practices Act ("**FDUPTA**").

118.    Alpargatas is a "consumer" under FDUTPA.

119.    Section 501.201(1), Florida Statutes, makes unlawful the "[u]nfair methods of
competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the
conduct of any trade or commerce."

120.    The acts, misconduct, concealment and fraud described and detailed above are and
were unfair, deceptive and unconscionable acts or practices, and unfair, unconscionable or
deceptive acts or practices in the conduct of trade or commerce.

121.    SK Empire Allure, Vibe, Smile Mart, H.O.C., and B&K have engaged in
representations, omissions, acts or practices which are material and are likely to mislead similarly
situated consumers acting reasonably and, therefore, has engaged in deceptive acts or practices
under section 501.204(1), Florida Statutes.

19

122.    Alpargatas has suffered damages as a direct and proximate result.

## COUNT VIII
### Violations of New Jersey's Unfair and Deceptive Trade Practices Act
### (Against SK Empire)

Plaintiff realleges and incorporates the allegations set forth in Paragraphs 1 through 84 as if alleged fully herein.

123.    SK Empire and Redzing engaged in the unlawful conduct alleged above in New Jersey, among other locations.

124.    Such unlawful conduct constitutes unconscionable commercial practices, deceptions, fraud, false pretense, false promise, or misrepresentation in connection with the sale of goods under the New Jersey Consumer Fraud Act.

125.    Alpargatas suffered an ascertainable loss as a direct and proximate result thereof.

## COUNT IX
### Violations of New York's Unfair and Deceptive Trade Practices Act
### (Against SK Empire and Redzing)

Plaintiff realleges and incorporates the allegations set forth in Paragraphs 1 through 84 as if alleged fully herein.

126.    SK Empire and Redzing engaged in engaged in acts set forth above in the State of New York that were materially deceptive.

127.    Those acts were consumer-oriented.

128.    Alpargatas suffered an ascertainable loss as a direct and proximate result thereof.

## COUNT X
### Tortious Interference
### (Against SK Empire and Dahan)

Plaintiff realleges and incorporates the allegations set forth in Paragraphs 1 through 84 as if alleged fully herein.

www.kymplaw.com • Kaplan Young & Moll Parrón • 600 Brickell Ave. • Suite 1715, Miami, FL 33131 • 305.531.2424

129.   Alpargatas has established advantageous business or contractual relationships with authorized retailers throughout the country related to the sale of Havaianas® flip-flops, among other products, and the sub-licensing of the Havaianas® Marks.

130.   SK Empire and Dahan knew or should have reasonably known of the foregoing.

131.   Yet they intentionally committed numerous acts designed to interfere with and disrupt Alpargatas' contractual and business relationship with its authorized retailer.

132.   To that end, SK Empire and Dahan caused numerous authorized retailers to breach their obligations to Alpargatas by, without limitation, purchasing Infringing Products; and SK Empire and Dahan have benefited from such breaches.

133.   SK Empire and Dahan's methods of interference are unjustified.

134.   Alpargatas has been damaged as a direct and proximate result thereof.

135.   SK Empire and Dahan's conduct has caused and continues to cause irreparable harm to Alpargatas for which no adequate remedy at law exists.

### COUNT XI
### Tortious Interference
### (Against Allure, Atias, Redzing, Solomon, and B&K)

Plaintiff realleges and incorporates the allegations set forth in Paragraphs 1 through 84 as if alleged fully herein.

136.   Alpargatas has established advantageous business or contractual relationships with authorized retailers throughout the country related to the sale of Havaianas® flip-flops, among other products, and the sub-licensing of the Havaianas® Marks.

137.   Allure, Atias, Redzing, Solomon, and B&K each knew or should have reasonably known of the foregoing.

www.kymplaw.com • Kaplan Young & Moll Parrón • 600 Brickell Ave. • Suite 1715, Miami, FL 33131 • 305.531.2424

138.    Yet they intentionally committed numerous acts designed to interfere with and disrupt Alpargatas' contractual and business relationship with its authorized retailer.

139.    To that end, they caused numerous authorized retailers to breach their obligations to Alpargatas by, without limitation, purchasing Infringing Products; and they have benefited from such breaches.

140.    Their methods of interference are unjustified.

141.    Alpargatas has been damaged as a direct and proximate result thereof.

142.    Each of Allure, Atias, Redzing, Solomon, and B&K's conduct has individually caused and continues to cause irreparable harm to Alpargatas for which no adequate remedy at law exists.

**COUNT XII**
**<u>Unjust Enrichment</u>**
**(Against all Defendants)**

Plaintiff realleges and incorporates the allegations set forth in Paragraphs 1 through 84 as if alleged fully herein.

143.    Defendants' use of the Havaianas® Marks and sales in connection with the promotion and sale of the Infringing Products—from which Defendants have derived substantial profits—have unjustly enriched Defendants by enabling them to unfairly appropriate the benefit of Alpargatas' extensive use and promotion of the Havaianas® Marks and the goodwill associated therewith.

144.    Their unauthorized use of the Havaianas® Marks and the unlicensed and unauthorized sale of the Infringing Products are benefits conferred upon Defendants, which knowledge thereof each has.

www.kymplaw.com • Kaplan Young & Moll Parrón • 600 Brickell Ave. • Suite 1715, Miami, FL 33131 • 305.531.2424

145.    Defendants knowingly accepted and retained the benefits off their use of the Havaianas® Marks and the sale of the Infringing Products.

146.    The circumstances are such that it would be inequitable and unjust for Defendants to retain the benefits of their use of the Havaianas® Marks or the sale of the Infringing Products.

147.    Defendants continue to earn revenue and profit to which they are not legally entitled, causing irreparable injury to Alpargatas by the aforesaid acts for which Alpargatas has no remedy at law.

**COUNT XIII**
**Conversion**
**(Against all Defendants)**

Plaintiff realleges and incorporates the allegations set forth in Paragraphs 1 through 84 as if alleged fully herein.

148.    Defendants, through their unauthorized and unlicensed use of the Havaianas® Marks and sale and distribution of the Infringing Products, have misappropriated and converted for themselves Alpargatas' rights associated with its exclusive use and sub-licensing of the Havaianas® Mark and Havaianas® flip-flops in the United States.

149.    Defendants have each converted to their own use and exploited Alpargatas' products, thereby reaping the benefits and goodwill of Alpargatas' use and promotion of the Havaianas® Marks.

150.    Their actions are acts of dominion over Alpargatas' property which are inconsistent with Alpargatas' ownership rights therein.

www.kymplaw.com • Kaplan Young & Moll Parrón • 600 Brickell Ave. • Suite 1715, Miami, FL 33131 • 305.531.2424

**COUNT XIV**
**Conspiracy**
**(Against All Defendants)**

Plaintiff realleges and incorporates the allegations set forth in Paragraphs 1 through 84 as if alleged fully herein.

151.    Defendants conspired to engage in the unlawful acts set forth above.

152.    Each executed overt acts in furtherance thereof, as set forth above.

153.    Alpargatas suffered damages as a direct and proximate result.

**COUNT XV**
**Declaratory and Supplemental Relief**
**(Against All Defendants)**

Plaintiff realleges and incorporates the allegations set forth in Paragraphs 1 through 84 as if alleged fully herein.

154.    This is an action for declaratory judgment pursuant to 28 U.S.C § 2201 and 28 U.S.C. § 2202.

155.    As fully alleged above, there is a bona fide, actual, present practical need for a declaration of the parties' respective rights and obligations concerning the use of the Havaianas® Marks and sale and distribution of the Infringing Products.

156.    Alpargatas specifically seeks a judicial declaration that the Defendants do not have any valid or proper license or authorization to distribute or offer for sale the Infringing Products, and that they do not have any valid or proper license or authorization to use, promote, or sub-license the Havaianas® Marks.

157.    Alpargatas is in doubt as to its rights and is directly and materially affected by the conduct complained of herein.

www.kymplaw.com • Kaplan Young & Moll Parrón • 600 Brickell Ave. • Suite 1715, Miami, FL 33131 • 305.531.2424

158.    The declarations sought herein deal with a present, ascertained, or ascertainable state of facts or present controversy as to a state of facts.

159.    Alpargatas' rights are dependent on the facts of law applicable to the facts.

160.    Alpargatas and the Defendants have an actual, present, adverse, and antagonistic interest in the subject matter.

161.    The antagonistic and adverse interests are all before the Court by proper process and the relief sought herein is not merely the giving of legal advice or the answer to questions propounded from curiosity.

**JURY TRIAL DEMAND**

Alpargatas demands trial by jury on all issues so triable.

**PRAYER FOR RELEIEF**

**WHEREFORE,** Plaintiff, Alpargatas USA, Inc., demands judgement in its favor against the Defendants providing:

(a)    Damages;

(b)    Treble Damages where permitted;

(c)    Punitive damages in an amount to be determined at trial;

(d)    Prejudgment and post-judgment Interest;

(e)    Injunctive relief permanently enjoining the Defendants, their divisions, related companies, officers, agents, servants, employees, attorneys, and all persons acting in concert with there who receive actual notice of such Order from:

i.    Using the Havaianas® Marks in any form or in any manner, in connection with the sale of footwear or apparel or and mark which is confusingly similar to the Havaianas® Marks, in any form or in any manner;

ii.     Committing any acts calculated to cause the public to believe that Defendants or any of Defendants' products, including without limitation the Infringing Products, are associated with or sponsored by Alpargatas, in whole or in part;

iii.     Otherwise unfairly competing with Alpargatas in any manner, including without limitation using a false designation of origin, false description or false representation which misrepresents the nature, characteristics or qualities, source, or origin of the Infringing Products;

iv.     Attempting, causing, or assisting others with any of the above-described acts; and

v.     Engaging in the commercial use, offer for sale or sale within the United States, or importation into the United States, Infringing Products;

(f)     An Order requiring Defendants and all related companies, divisions, officers, directors, agents, servants, employees, and those persons in concert or participation with them, to deliver to Alpargatas all materials, products, or samples which contain the Havaianas® Marks and all goods, advertising and promotional materials, and all other materials of any kind or nature bearing the Havaianas® Marks;

(g)     An accounting for any and all profits, gains, and advantages each Defendant derived by reason of the acts complained of herein;

(h)     Costs and expenses;

(i)     A declaration for the declaratory relief stated

(j)     Attorneys' fees; and

(k)     Such other and further relief as this Court deems just and proper.

www.kymplaw.com • Kaplan Young & Moll Parrón • 600 Brickell Ave. • Suite 1715, Miami, FL 33131 • 305.531.2424

Dated:  June 18, 2019

Respectfully submitted,

**KAPLAN YOUNG & MOLL PARRÓN PLLC**

*Attorneys for Plaintiff*
Brickell World Plaza
600 Brickell Avenue
Suite 1715
Miami, Florida 33131
Tel: (305) 531-2424
Fax: (305) 531-2405

By: */s/ Justin B. Kaplan*
JUSTIN B. KAPLAN, ESQ.
Florida Bar No. 0033725
*jkaplan@kymplaw.com*