UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:19-cv-20457-WILLIAMS/Torres

ALPARGATAS USA, INC.,

      Plaintiff,

v.

ALLURE SHOWROOM, INC., *et al*.,

      Defendants.

_____/

**LALCHANDANI SIMON, PL'S REPLY IN SUPPORT OF ITS
MOTION TO WITHDRAW AS COUNSEL [D.E. 59]**

      Lalchandani Simon, PL respectfully files this reply in support of its Motion to Withdraw as Counsel for Defendants SK Empire Limited Liability Company and Yaakov Dahan (the "Motion to Withdraw") [D.E. 59].

**I.  BACKGROUND**

      In its Response to the Motion to Withdraw [D.E. 96], Plaintiff Alpargatas USA, Inc. ("Plaintiff") argues that this Court should require the undersigned to remain in this case until "Defendants fully comply with he letter and spirit" of Rule 26. [D.E. 96, p. 1]. In support of its position, Plaintiff claims Defendants SK Empire Limited Liability Company and Yaakov Dahan (collectively, "Defendants") provided inadequate initial disclosures under Rule 26(a)(1)(A) concerning Brown Moses, LLC, which Plaintiff recently added as a defendant in this case. Pursuant to Rule 26(a)(1)(A), Defendants listed the corporate address and phone number for Brown Moses, LLC in their initial disclosures. When Plaintiff asked for more information concerning Brown Moses, LLC, Defendants provided Plaintiff additional information, even though it was not required under Rule 26(a)(1)(A). Plaintiff now complains that Defendants (1)

have failed to amend their initial disclosures to include this newly disclosed information and (2) may have more information concerning Brown Moses, LLC or its principal. [*Id.* at pp. 3–4]. Putting aside whether it is appropriate to ask the Court to condition departure of counsel under such circumstances, Plaintiff's arguments are otherwise without merit for the reasons stated below.

## II. ARGUMENT

Rule 26(a)(1) requires parties to provide "the name, *and if known*, the address and telephone number of each individual likely to have discoverable information […] *that the disclosing party may use to support its claims or defenses*, . . . Fed. R. Civ. P. 26(a)(1)(A)(i) (emphasis supplied).

The only relevant inquiry here is whether Defendants provided a name, and if known, and address and telephone number for Brown Moses, LLC. Plaintiff does not dispute that Defendants provided this information. [D.E. 96, pp. 1–2]. Plaintiff instead argues that such information was not particularly helpful. Be that as it may, Defendants were under no obligation under Rule 26 to provide additional information (though they did in a showing of good faith). In fact, if Defendants had decided not to rely on Brown Moses, LLC to support its defenses, there would have been no requirement to provide Plaintiff with *any* information about it under Rule 26(a)(1)(A). *See id.*; *see also King v. Akima Global Servs., LLC*, 323 F.R.D. 403, 408–09 (S.D. Fla. 2017) (Goodman, Mag. J.) (noting to the extent a party does not rely on a party to support its defense, Rule 26(a)(1)(A) does not apply). Plaintiff seeks information outside the ambit of Rule 26(a)(1)(A) but has not sought *any* discovery materials or testimony from Defendants. Instead, Plaintiff insists that the undersigned should remain in the case for the time being. That cannot be the appropriate result under these circumstances.

Further, Plaintiff's argument that Defendants failed to amend their initial disclosures after providing Plaintiff with subsequent information must also be rejected. First, the information provided to Plaintiff was not required under Rule 26(a)(1)(A)(i). Defendants provided the name of Brown Moses, LLC's principal, even though Defendants listed the corporate representative on the initial disclosures; they provided two e-mail addresses for the principal; and they provided a second phone number. Contrary to Plaintiff's assertions in its opposition, Defendants have repeatedly accommodated Plaintiff. Second, Plaintiff ignores Rule 26(e), which provides that an initial disclosure must be supplemented only if "additional or corrective information has not otherwise been made known to the parties during the discovery process *or in writing*; . . ." Fed. R. Civ. P. 26(e)(1)(A) (emphasis supplied); *see also Campbell v. Moon Palace, Inc.*, No. 11-60274-civ-Cohn/Seltzer, 2012 U.S. Dist. LEXIS 14452, at *15 n.3 (S.D. Fla. Feb. 7, 2012) (denying a request to exclude certain matters that were not supplemented in the initial disclosure because they "were made known […] during the course of discovery or in writing during the litigation, and with ample time for [the defendant] to investigate […] and submit arguments related to that information"). The undersigned, on behalf of Defendants, provided the above-referenced additional information to counsel for Plaintiff in writing on May 15, 2019. As noted above, Plaintiff has ample opportunity to investigate this information through discovery.

### III.   CONCLUSION

For the reasons stated above, the conditions Plaintiff asserts in its opposition are contradicted by the plain language of Rule 26 of the Federal Rules of Civil Procedure and the case law interpreting it. Accordingly, this Court should grant Lalchandani Simon, PL's Motion to Withdraw as Counsel for Defendants SK Empire Limited Liability Company and Yaakov Dahan [D.E. 59].

Dated: July 3, 2019.

                                Respectfully submitted,

                                **LALCHANDANI SIMON PL**
                                25 Southeast Second Avenue, Suite 1020
                                Miami, Florida 33131
                                (305) 999-5291
                                (305) 671-9282 (fax)

                                By: /s/ Daniel J. Simon
                                      Daniel J. Simon, Esq.
                                      Florida Bar No.: 16244
                                      danny@lslawpl.com
                                      James M. Slater, Esq.
                                      Florida Bar No.: 111779
                                      james@lslawpl.com

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that this 3rd day of July, 2019, a true and correct copy of the foregoing has been filed and served via the CM/ECF filer on all counsel of record.

                                          By: /s/ James M. Slater
                                                 James M. Slater